IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADALBERTO SAUCEDO MORENO, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-03656 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | JURY |
| INSURANCE COMPANY, | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

### *Procedural Background*

1. On or about August 29, 2017, Plaintiff filed Plaintiff's Original Petition in the matter styled: *Adalberto Saucedo Moreno v. Allstate Vehicle and Property Insurance Company;* Cause No. 2017-57258; In the 125th Judicial District Court, Harris County, Texas, in which Plaintiff made a claim for damages under his/her homeowner's insurance policy with Allstate Vehicle and Property Insurance Company following a windstorm/hailstorm. Allstate Vehicle and Property Insurance Company registered agent received this citation and petition on or about November 2, 2017. Defendant files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

2. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Harris County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of *Verified Original*

2882622v1
09998.510

*Answer of Defendant Allstate Vehicle and Property Insurance Company and Demand for Jury Trial.*  Attached hereto as Exhibit "C" is the Designation of Counsel.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1).  There is complete diversity of citizenship.

4. Plaintiff is, and was at the time the lawsuit was filed, citizen of the State of Texas. *See* Plaintiff's Original Petition, p 1.

5. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

6. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their

insurance company for actual and punitive damages arising from a claim they made for roof damages).

7. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiff's Original Petition clearly states that Plaintiff seeks monetary relief, the maximum of which is over $100,000.00. *See* Plaintiff's Original Petition, section XI. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements

### I.   *The Removal is Procedurally Correct*

8. Allstate Vehicle and Property Insurance Company was first served with the petition on or about November 2, 2017. Allstate Vehicle and Property Insurance Company files this Notice of Removal within the time period required by 28 U.S.C. §1446(b).

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate Vehicle and Property Insurance Company files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Harris County promptly after Allstate Vehicle and Property Insurance Company files this Notice.

Respectfully submitted,

By: */s/Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on December 1, 2017, a true and correct copy of the foregoing was served upon the following Counsel of Record in accordance with the Federal Rules of Civil Procedure:

Robert A. Pollom
Jake Rogiers
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Email: robert@krwlawyers.com
jake@krwlawyers.com

*/s/Jay Scott Simon*
Jay Scott Simon