# EXHIBIT B

**HCDistrictclerk.com**          MORENO, ADALBERTO vs. ALLSTATE VEHICLE          12/1/2017
                                 AND PROPERTY INSURANCE COMPANY
                                 Cause: 201757258          CDI: 7      Court: 125

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | | | |
|---|---|---|---|
| **File Date** | 8/29/2017 | | |
| **Case (Cause) Location** | Civil Intake 1st Floor | | |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | | |
| **Next/Last Setting Date** | N/A | | |
| **Jury Fee Paid Date** | 11/22/2017 | | |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 125th |
| **Address** | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686141 |
| **JudgeName** | KYLE CARTER |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| MORENO, ADALBERTO | PLAINTIFF - CIVIL | | POLLOM, ROBERT ANDREW |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DEFENDANT - CIVIL | | |
| BY SERVING ITS REGISTERED AGENT, DALLAS, TX 75201 | | | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | REGISTERED AGENT | | |

**INACTIVE PARTIES**

No inactive parties found.

**JUDGMENT/EVENTS**

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 11/22/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 8/29/2017 | ORIGINAL PETITION | | | 0 | | POLLOM, ROBERT ANDREW | MORENO, ADALBERTO |

**SERVICES**

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURNED | ORIGINAL PETITION | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | 8/28/2017 | 9/6/2017 | 11/2/2017 | | | 73410227 | MAIL TO ATTORNEY |

**DOCUMENTS**

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| restricted | Allstate's Original Answer | | 11/22/2017 | 7 |
| restricted | Citation | | 11/06/2017 | 3 |
| restricted | Copy of Letter Regarding Hearing Request Reminder | | 09/13/2017 | 4 |
| restricted | Envelope | | 09/08/2017 | 1 |
| restricted | Plaintiff's Original Petition | | 08/29/2017 | 11 |
| -> restricted | Civil Case Information Sheet | | 08/29/2017 | 1 |
| -> restricted | Civil Process Request | | 08/29/2017 | 1 |
| -> restricted | Filing Letter | | 08/29/2017 | 1 |
| restricted | Plaintiff's First Set of Interrogatories To Defendant Allstate Vehicle And Property Insurance Company | | 08/29/2017 | 11 |
| restricted | Plaintiff's First Set of Requests for Admissions To Defendant Allstate Vehicle And Property Insurance Company | | 08/29/2017 | 10 |
| restricted | Plaintiff's Request for Production To Defendant Allstate Vehicle And Property Insurance Company | | 08/29/2017 | 21 |

 CT Corporation

**Service of Process Transmittal**
11/02/2017
CT Log Number 532224003

**TO:**  L&R Home Office Intake Unit
Allstate Insurance Company
2775 Sanders Rd # A2W
Northbrook, IL 60062-6110

**RE:**  **Process Served in Texas**

**FOR:**  ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ADALBERTO SAUCEDO MORENO, Pltf. vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, First Set of Interrogatories, First Request(s) |
| **COURT/AGENCY:** | 125th Judicial District Court Harris County, TX<br>Case # 201757258 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/02/2017 postmarked on 10/30/2017 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10:00 a.m. on the Monday next following the expiration of 20 days from the date of Service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Robert A. Pollom<br>KETTERMAN ROWLAND & WESTLUND<br>16500 San Pedro, Suite 302<br>San Antonio, TX 78232<br>210-490-7402 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/02/2017, Expected Purge Date: 11/07/2017<br><br>Image SOP<br><br>Email Notification, Tahsina Mehdi  tmehd@allstate.com<br><br>Email Notification, Steve Gilman  sgil3@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

8/29/2017 12:51 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19131152
By: Rhonda Momon
Filed: 8/29/2017 12:51 PM

# 2017-57258 / Court: 125

CAUSE NO._____

| | | |
|---|---|---|
| ADALBERTO SAUCEDO MORENO | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ADALBERTO MORENO, files this Original Petition against ALLSTATE VEHCILE AND PROPERTY INSURANCE COMPANY ("ALLSTATE" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Harris County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, CT Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Harris County, Texas because all or part of the conduct giving rise to the causes of action were committed in Harris County, Texas and the Plaintiff and property which is the subject of this suit are located in Harris County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 5702 Calm Court, Houston, Texas 77084 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about April 18, 2016 under Policy Number 000836206412 and Claim Number 0426538898, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported

same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

3

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code. Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct

4

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

### 1.    UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

6

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

7

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

8

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE

DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that

the damages sought are in an amount within the jurisdictional limits of this Court. As required by

Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary

relief, the maximum of which is over $100,000 but not more than $200,000. The amount of

monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also

seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:      (210) 490-8372

BY:   /s/Robert A. Pollom
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake Rogiers
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

11

Chris Daniel - District Clerk Harris County
Envelope No. 20887498
By: Brianna Denmon
Filed: 11/22/2017 2:44 PM

CAUSE NO. 2017-57258

| | | |
|---|---|---|
| ADALBERTO SAUCEDO MORENO | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## VERIFIED ORIGINAL ANSWER OF DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND DEMAND FOR JURY TRIAL

Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY files this its Original Answer and would respectfully show the following:

## I.
## ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the evidence in accordance with the Constitution and laws of the State of Texas.

## II.
## DENIAL OF CONDITION PRECEDENT

2.1     The policy contains certain conditions that have not been satisfied that bar Plaintiff's recovery, in whole or in part, as follows:

**A.     NO ACTION CLAUSE**

2.2     The policy specifically provides, as a condition to property loss coverage, that no suit can be brought against Allstate unless the policy provisions have been complied with:

13.     **Action Against Us**

No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:

a)      there has been full compliance with all policy terms; and

b)      the action is commenced within two years and one day from the date the cause of action first accrues; and

c)      in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless you have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against **us** that **we** receive from **you** a signed sworn proof of loss, which contains, to the best of **your** knowledge and belief, the following information:

   1)      the date, time, location and cause of loss;

   2)      the interest **insured persons** and others have in the property, including any encumbrances;

   3)      any other insurance that may cover the loss;

   4)      any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

   5)      at **our** request, the specifications of any damaged **building structure** or other structure;

   6)      the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

   7)      the amount you have actually spent to repair or replace the property stolen or damaged by the loss; and

8)   in the event that **you** give **us** a signed proof
of loss, and after submitting that to **us**, **you**
determine that **you** want to include a claim
for additional damage or loss, **you** must
submit to **us** a supplemental proof of loss
which identifies the amount of the additional
loss for each item damaged or stolen.

2.3    Plaintiff's failure to submit a signed and sworn proof of loss at least 91 days

before commencing an action against Defendant constitutes a breach of the "no action" clause.

Accordingly, Plaintiff is barred from proceeding with any lawsuit and from recovering any

damages, attorneys' fees, interest or other amounts from Allstate unless and until the policy

conditions have been satisfied.

### B.   LOSS ABOVE THE DEDUCTIBLE

2.4    Allstate's obligation to pay under the policy extends, if at all, only to a covered

loss that exceeds the policy deductible.  If there is an obligation to pay, it applies only to the

amount of covered loss that exceeds the deductible.

### III.
### AFFIRMATIVE DEFENSES

### A.   LIMITATION ON PUNITIVE/EXEMPLARY DAMAGES

3.1    Defendant denies any liability to Plaintiff for alleged extra-contractual damages.

Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional,

treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann.

chapter 41 and Tex. Ins. Code sections 541.152 and 542.060.   Under the facts of this case,

however, an award of exemplary, additional, treble or punitive damages or penalties consistent

with the maximum awards permitted under these statutes would violate Defendant's state and

federal constitutional rights. Defendant affirmatively pleads that an award of exemplary,

additional, treble or punitive damages or penalties would violate the due process and equal

protection clauses of the United States and Texas Constitutions.  Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

    3.2     As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages.  The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitutions of the State of Texas in one or more of the following respects:

a)    Due process requires proof of gross negligence and punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b)    The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the law constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States; and the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

**B.    BONA FIDE DISPUTE**

    3.3     By way of affirmative defense to Plaintiff's claims of a breach of duty of good faith and fair dealing and for violation of the Texas Insurance Code, Defendant asserts the existence of a bona fide dispute.  The existence of a bona fide dispute precludes Plaintiff from recovering against Defendant on any extra-contractual claims.

## IV.
## DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

## V.
## PRAYER

Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, and that Defendant recovers their court costs and other such further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

_/s/Jay Scott Simon_
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEYS FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

## VERIFICATION

STATE OF TEXAS      §
                                 §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared JAY SCOTT SIMON, who being by me first duly sworn did on his oath depose and say that every factual assertion contained within Section II – Denial of Conditions Precedent, Subsections A & B are true and correct.

_____
Jay Scott Simon

SUBSCRIBED AND SWORN TO BEFORE ME this November 22, 2017.

_____
Notary Public, State of Texas

_____
Printed Name of Notary

## CERTIFICATE OF SERVICE

This is to certify that on November 22, 2017, a true and correct copy of the foregoing was delivered to the following counsel by electronic service:

Robert A. Pollom
Jake Rogiers
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Email: robert@krwlawyers.com
          jake@krwlawyers.com

_/s/Jay Scott Simon_
Jay Scott Simon